UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK SYROKA,

    Plaintiff,                              Hon. Janet T. Neff

v.                                          Case No. 1:19-CV-1007

STATE OF MICHIGAN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff initiated this action on November 26, 2019, against the State of Michigan. (ECF No. 1). Plaintiff alleges that the State of Michigan cannot legally tax his real property because he has withdrawn his Michigan citizenship. As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. As articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim.

    A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations that are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that the State of Michigan cannot lawfully assess taxes on his real property because he has withdrawn his Michigan citizenship. Plaintiff argues that the attempts by the State of Michigan and its political subdivisions to assess and collect taxes on his real property violates his rights under the Fifth, Thirteenth, and Fourteenth

2

Amendments to the United States Constitution. Plaintiff further alleges that the State's conduct violates several provisions of federal criminal law.

Plaintiff's claims fail for several reasons. First, the State of Michigan enjoys immunity from Plaintiff's civil claims as it has neither waived its sovereign immunity nor consented to be sued. *See* U.S. Const. amend XI; *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Second, Plaintiff lacks the authority to prosecute alleged violations of federal criminal law. *See, e.g., Thornton v. Rozen Construction*, 2010 WL 882824 at *2 (W.D. Mich., Mar. 8, 2010) ("[t]he sole authority to enforce the federal criminal laws rests with federal prosecutors"). Finally, and most significantly, Plaintiff has simply failed to allege facts, which, if proven, would entitle him to relief in this Court.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                         Respectfully submitted,

Date: December 17, 2019                             /s/ Phillip J. Green
                                                                       PHILLIP J. GREEN
                                                                         United States Magistrate Judge